## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SHEARA BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 4:20-CV-40031-DHH |
| | ) | |
| BRYANT WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## REPORT AND RECOMMENDATION
### May 10, 2021

Hennessy, M.J.

On March 17, 2020, pro se Plaintiff Sheara Bryant filed this suit against 17 named defendants. [Dkt. No. 1]. On April 3, 2020, undersigned issued summonses as to all defendants. [Dkt. No. 7]. After none of the defendants was served, on October 7, 2020, the undersigned ordered Bryant to show cause as to why the matter should not be dismissed for failure to prosecute, giving her until November 6, 2020 to respond to the order. [Dkt. No. 8]. Bryant failed to respond by the specified date, and the order was returned undeliverable. [Dkt. No. 10]. The Court again attempted to notify Bryant of the order, and again the order was returned undeliverable. [Dkt. Nos. 11, 12]. For the reasons that follow, I recommend Bryant's case be DISMISSED without prejudice.

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). "A district court, as part of its inherent power to manage its own docket, may dismiss a case for any of the reasons

prescribed in Federal Rule of Civil Procedure 41(b), including failure of the plaintiff to comply with any order of the court." Torres-Alamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007); Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525–26 (1st Cir. 2002). "Failing to 'ma[k]e service of process on the defendants ... in itself suffices for a finding of lack of prosecution.'" Kick Ass Pictures, Inc. v. Does 1–25, 939 F. Supp. 2d 62, 63 (D. Mass. 2013) (quotations omitted). "While the filings of pro se litigants should be liberally construed . . . pro se litigants are not excused from compliance with procedural rules or substantive law." Faust v. Cabral, No. 12-CV-11020, 2015 WL 3953185, at *3 (D. Mass. May 15, 2015) (internal citations omitted).

Here, the plaintiff has not prosecuted this case since April 2020. None of the defendants has been served. This suggests that Bryant did not ask the Marshals to serve the defendants. See Abernathy v. Dickhaut, No. 10-CV-11504, 2013 WL 3326215, at *2 (D. Mass. June 28, 2013) ("No returns of service have been filed with respect to [the defendants]. This suggests that [the plaintiff] did not ask the Marshals to serve these putative defendants. Accordingly, the court is dismissing all claims against them.").

Bryant also failed to keep the Court apprised of her address. Local Rule 83.5.5(h) states

Every party appearing pro se shall inform the clerk and all parties in writing of any change of name, address, telephone number, or e-mail address within 14 days of the change. It is the responsibility of the pro se party to notify the clerk and the parties of any change. Any notice sent by the clerk or any party to a pro se party shall be deemed delivered and properly served if sent to the most recent address or e-mail address provided by the pro se party.

LR, D. Mass. 83.5.5(h) (2020) (emphasis added); see Diaz v. Spencer, No. CV 12-CV-12154, 2016 WL 5477065, at *1 (D. Mass. Sept. 27, 2016) ("[T]he onus is on the plaintiff to apprise this

court of any change of address.").  Bryant's failure to provide an updated address prevents this Court from communicating with her, and therefore prevents any progress in this case.

Despite Bryant's failure to serve defendants, this dismissal is without prejudice.  This Court may reopen the case if Bryant files an amended complaint, "serves it on all remaining defendants, and adequately explains his failure to comply with the previous orders."  Kelsey v. Norfolk State Prison, No. 12-CV-10029, 2014 WL 1248033, at *3 (D. Mass. Mar. 24, 2014).

For the foregoing reasons, this I recommend this case be DISMISSED without prejudice. Bryant is hereby advised, pursuant to the provisions of Fed. R. Civ. P. 72(b), that if she objects to this recommendation, she must file specific written objections thereto with the Clerk of this Court within 14 days of her receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the Recommendation or Report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72(b).  Bryant is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962, 964–65 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343, 345 (1st Cir. 1993).


/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge